| United States District Court | Southern District of Texas |
|---|---|

| | § | |
|---|---|---|
| Arthur L. Turner, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-17-2140 |
| | § | |
| Nancy Berryhill, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction*

Arthur L. Turner brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. The question is whether substantial evidence supports the commissioner's decision. It does.

2. *Background*

Turner applied for disability benefits on May 5, 2014. He was forty-three years old at the time. Turner claimed to suffer from type 2 diabetes and related neuropathy. He has a high school education and last worked a truck driver on November 1, 2012.

The hearing officer found that Turner suffers from several severe impairments, including diabetes, degenerative disc disease of the spine, rotator cuff tear, bursitis, peripheral neuropathy, and major depressive disorder. None of

the impairments prevents Turner from working. Based on the testimony of a vocational expert, the hearing officer found that Turner could work as an order filler, a supply clerk, or a gate guard. He is therefore not disabled.

3. *Legal Framework*

   a. *Standard of Review*

This court's review is limited to determining whether the commissioner's decision is supported by substantial evidence and whether the correct legal standards were employed. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). The court "does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* "A decision is supported by substantial evidence if credible evidentiary choices or medical findings support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

   b. *Statutory Criteria*

The Social Security Act provides disability insurance benefits to people who have contributed to the program and have a physical or mental disability. *See* 42 U.S.C. § 423. It defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. The claimant bears the burden of proof on the

first four steps, but the Commissioner bears the burden on the fifth step. *Newton*, 209 F.3d at 455. First, a person who is working and engaging in substantial gainful activity is not disabled. Second, a person who does not have a severe impairment is not disabled. Third, a person whose severe impairments meet or equal an impairment in appendix 1 of the regulations is deemed disabled. The commissioner must determine the person's residual functional capacity ("RFC"), which is a determination of the most the claimant can still do despite her physical and mental limitations. The RFC is used in the fourth and fifth steps of the analysis to determine whether the claimant can perform past relevant work or any other work that is significant in the national economy.

4. *Analysis*

The hearing officer followed the correct legal rules, and his findings are supported by substantial evidence.

Turner has not engaged in gainful employment since 2012. At the second step, the hearing officer found that Turner has severe impairments from diabetes mellitus, degenerative disc disease of the spine, bursitis, peripheral neuropathy, major depressive disorder, torn rotator cuff and degenerative joint disease of the left shoulder, and cataracts. None of those impairments meet one in the listings.

The hearing officer determined that Turner's RFC permits him to perform light work with some limitations. He cannot climb ropes, ladders or scaffolds. He can only occasionally balance, stoop, crawl and climb ramps or stairs. He can reach overhead with his left arm only occasionally. He cannot use foot controls. He can see large objects. He cannot work in dangerous places and must avoid hazards. He can interact with others and respond appropriately to changes in the

3

work setting. He can understand, remember, and carry out detailed but not complex work.

Based on that RFC and the vocational expert's testimony, the hearing officer found that Turner could not return to his previous work but could find other jobs in the national economy.

The hearing officer's decision was based on a careful review of the administrative record and the hearing testimony. The court's independent review of the evidence in the record reveals that the hearing officer's decision is supported by substantial evidence.

Records from the Arkansas Specialty Care Spine Center showed that Turner had normal strength and normal range of motion in his spine on May 5, 2014. He also had no strength deficits on August 19, 2014. Records from Arkansas Specialty Orthopaedics show that Turner had full passive range of motion in his left shoulder on April 21, 2015. Records from Orthopaedic Associates, LLP state that Turner had "5/5 strength" in all parts of his body on August 17, 2015, but that he had "4/5 strength" in his left shoulder on September 29, 2015.

Dr. Frederick Roy examined Turner's eyes on September 16, 2014. He found that Turner's corrected vision was 20/25 in one eye and 20/20 in the other. He has mild cataracts. Dr. Roy recommended that Turner wear glasses.

Dr. Prabu diagnosed Turner with major depressive disorder without psychotic features on December 30, 2015. Dr. Prabu noted that, while Turner was depressed and sad, he was also alert and oriented, had intact short- and long-

term memory, no suicidal or homicidal ideations, had intact judgment, and was of average intelligence with an average fund of knowledge.

The hearing officer's RFC is supported by the substantial evidence. The VE testified that Turner's RFC would permit him to work as an order filler, a supply clerk, or a gate guard. The hearing officer's decision that Turner could find work in the national economy is therefore supported by substantial evidence.

Turner argues that he is unable to lift his left arm above ninety degrees, so the RFC, which says he can reach overhead occasionally, is not supported by substantial evidence. Turner does not cite any medical evidence to show he cannot reach overhead. The evidence is to the contrary. In any event, any error is harmless. The VE testified Turner would be able to perform the same jobs if he could not use his non-dominant (left) arm at all.

The RFC states that Turner can see large objects. Turner argues that the word "large" is vague and confusing and that remand is necessary to clarify the RFC. Turner's corrected vision is 20/20 and 20/25 in the other. Turner does not wear glasses, however. Turner testified that without glasses he would have difficulty reading the text of a road sign and has difficulty reading books unless he is close to the text. Turner's counsel cross-examined the vocational expert and asked whether a hypothetical person with all the limitations in the RFC who could not read newspaper-sized print could still find work in the national economy. The vocational expert testified that there would be fewer jobs in the order filler category, but no effect on the other two categories of work. The RFC's reference to "large objects" means the ability to see the objects in a worker's

surroundings, but perhaps not small print. Even if the wording is not perfect, remand is not necessary. The vocational expert understood the vision limitation discussed throughout the hearing and would come to the same conclusions were better wording used in the RFC.

Turner's last argument is that the RFC does not contain limitations based on his limited ability to function in social situations. None of the medical records demonstrate that the RFC should be so limited. The hearing officer noted that Turner has mild difficulties in social functioning, but he can go out in public with his friend, ride the bus, and go shopping. The record does not support any further mental limitations.

5. Conclusion

The commissioner's decision denying Turner's claim for disability benefits is supported by substantial evidence and will be affirmed. Turner will take nothing from Nancy Berryhill.

Signed on August 6, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge